# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 4, 2015

Lyle W. Cayce
Clerk

No. 15-10305
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JASON RANDEL MCGEE, also known as Too Tall,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:13-CR-75-1

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

In 2007, Jason Randel McGee pleaded guilty to aiding and abetting the distribution of, and possession with intent to distribute, methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c), and 18 U.S.C. § 2. He was sentenced to 12-months' imprisonment and three-years' supervised release for each count. In 2015, following the second revocation of his supervised release, the district court sentenced McGee to an above-Guidelines sentence of 24-

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-10305

months' imprisonment.  McGee challenges his sentence, contending the court erred by inadequately explaining the reasons for the upward variance.

Post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  *Booker*, however, concerned a Guidelines sentence imposed pursuant to a conviction, not a violation of supervised release.  *United States v. Miller*, 634 F.3d 841, 842–43 (5th Cir. 2011).  Therefore, even post-*Booker*, revocation sentences are reviewed under the plainly-unreasonable standard of 18 U.S.C. § 3742(a)(4).  *Id.* at 843.  As McGee concedes, he did not raise this issue in district court; therefore, review is only for plain error.  *United States v. Whitelaw*, 580 F.3d 256, 259–60 (5th Cir. 2009).  Under this standard, McGee must show a forfeited plain (clear or obvious) error that affected his substantial rights.  *E.g., Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he does so, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings.  *Id.*

McGee has not shown the requisite "clear" or "obvious" error.  The court stated it imposed a 24-month sentence due to the need for deterrence and protection.  It was proper for the court to consider these factors.  *See* 18 U.S.C. § 3583(e); 18 U.S.C. § 3553(a)(2)(B),(C).  Nothing in the record suggests McGee would have received a different sentence had the court provided more reasons for its choice.  *See United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010).  Finally, McGee's collateral assertion that the record does not permit meaningful appellate review is unavailing.

AFFIRMED.